City of Memphis *v.* Hernando Insurance Co.

CITY OF MEMPHIS *v.* HERNANDO INSURANCE CO. *et als.*

CORPORATIONS. *Constitutional law. Taxation. City has no right to levy tax where State is estopped. When.* The city of Memphis has no right to exact payment of a license tax of the Hernando Insurance Company and others for exercising their respective franchises within its corporate limits, when the State of Tennessee has exempted said corporations by the terms of their charters from a greater tax than one and one-half per centum. The State is, therefore, estopped from levying an additional tax, and the municipal government being merely an agency of the State, is also estopped.

Cases cited: Nashville *v.* Thomas, 5 Cold., 600; Union Bank *v.* The State, 9 Yerg., 490.

NICHOLSON, C. J., delivered the opinion of the court.

The only question raised in these several causes is, whether the City of Memphis has the right to exact of defendants the payment of a license tax for exercising their respective franchises within its corporate limits? Two of the charters by which defendants were incorporated contain this clause:

"Said institute shall pay to the State an annual tax of one-half of one per cent. on each share of the capital stock, which shall be in lieu of all other taxes."

This clause appears in the charter of "the Savings Bank of Memphis," and in that of "the Hernando Insurance Company."

In the other two charters, viz., that of "the Jackson Insurance Company" and of "the Memphis Life and General Insurance Company," the clause is as follows:

"That, there shall be a State tax of one-half of one per centum upon the amount of capital actually paid in."

The language used by the Legislature in giving expression to its intention, in the two first named charters, is too explicit and comprehensive to admit of any doubt. The companies chartered undertake, in consideration of the privileges granted, to pay to the State one-half of one per centum on each share of the capital stock, which shall be in lieu of all other taxes. Whether wisely or unwisely, it is clear that the Legislature by this language has estopped itself from imposing any other tax for State purposes, and has agreed that the companies shall be exempt from "all other taxes." This must necessarily operate as a prohibition against the imposition of taxes either by the State, county, or city government.

If it was an open question in our State, it might very well be questioned whether one Legislature has the right by an act of incorporation, for a consideration received or supposed to be received, to exempt certain property, rights, or franchises from taxation by a subsequent Legislature. But, as remarked by Mr. Cooley, on page 280 of his work on Const. Limit., "it has been so often decided by the Supreme Court of the United States, though not without remonstrance on the part of State courts, that it is a contract protected by the Constitution, that the question can no longer be considered an open one." It involves the construction of the clause of the United States Constitution forbidding the States to "pass laws impairing

City of Memphis *v.* Hernando Insurance Co.

the obligation of contracts," and on that account the decisions of the Supreme Court of the United States must be regarded as conclusive of the question.

But the language in the other two charters is less explicit and clear. It is, "that there shall be a State tax of one-half of one per centum upon the amount of capital actually paid in."

This language implies that in consideration of the public good and the payment of the tax specified, the State agrees that the corporation shall exercise the franchises granted for the term specified. The fair interpretation of this contract is, that the corporators are entitled to enjoy the franchises granted during the term specified by paying the amount agreed on, and that during the term, the State can exact no larger amount.

But it is clear that municipal corporations are not authorized to levy taxation on property or privileges, other than such as are taxable by the statutory laws of the State: *Nashville* v. *Thomas*, 5 Cold., 600  The municipal corporation is an agency of the State government, and can exercise no powers in contravention of the general law, and none but those expressly granted or necessarily implied.

It follows that if the State has estopped itself from imposing other taxes on the exercise of the franchises granted, the municipal corporation is equally estopped.

This question was decided by this court in the case of the *Union Bank* v. *The State*, 9 Yerg., 490. In the charter of the Union Bank there was a provision that the bank was to pay annually to the State

34—VOL. 6.

one-half of one per cent. on the amount of capital stock paid in. The State and county, under the revenue laws of 1835, claimed the right to place an additional tax on the capital stock. *Held*, that the State had contracted that the bank should enjoy the privileges conferred, and that a law imposing an additional tax upon the capital stock impaired the contract, and was unconstitutional.

In the cases before us the State has not claimed the right to impose an additional tax, but the right is claimed by the city government. We think it clear, upon the authorities, that the city has no such right, and we therefore affirm the judgments below.